NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 30, 2013[*]
Decided March 5, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-2524

| | |
|---|---|
| JIA HANG DONG, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A098-417-277 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Jia Hang Dong, a Chinese citizen, petitions for review of an order of the Board of Immigration Appeals denying his motion to reconsider its denial of his asylum application. In that application, Dong asserted that he would be forcibly sterilized if removed to China because he violated China's family-planning policy by having two children while in the United States. Because there was no material error of fact or law in the Board's earlier decision, the Board did not abuse its discretion in denying the motion to reconsider.

---

[*] We granted the appellant's unopposed motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

Dong, originally from Fujian province, entered the United States in 1999 on a fraudulent passport. He is married, and in 2004, after the birth of his second child, he applied for asylum, withholding of removal, and protection under the Convention Against Torture, claiming that his violation of China's family-planning policy would lead to his sterilization upon return to China. In support of his application Dong submitted numerous documents, including letters from his mother and a male relative—both asserting that they were sterilized after having their second child in Fujian. He also submitted photocopied documents purportedly from the Fuzhou City Family Planning Committee instructing family-planning offices to "strictly carry out" regulations such as those calling for a spouse's sterilization upon the birth of a couple's second daughter. Finally, he presented an often-reproduced affidavit from 2004 by a retired (now deceased) demographer, John Shields Aird, who insisted that China uses unnamed "coercive measures" to enforce its family-planning policies even if the policies were violated abroad. An immigration judge conducted a hearing, found Dong's asylum application time-barred, denied both withholding of removal and protection under the Torture Convention, but granted Dong voluntary departure.

The Board reversed the immigration judge's determination that Dong's asylum application was time-barred, and remanded Dong's case to the IJ.

On remand Dong presented purported sterilization records from two other individuals who were sterilized and fined for having a second, unauthorized child in Fuzhou, the provincial capital. Dong admitted that he did not know of Chinese nationals who had been sterilized for having two children abroad, but he insisted that because he had two children, he would be harmed. The immigration judge disagreed, however, and again denied Dong asylum, concluding that he failed to establish a well-founded fear of persecution based on any opposition to China's family-planning policy. The immigration judge cited the State Department's 2007 Profile of Asylum Claims and Country Conditions in concluding that (1) residents from rural Fujian like Dong were not subject to a rigorously enforced one-child policy, and (2) applicants who had two children abroad were not subject to persecution upon return. The immigration judge gave "little weight" to Aird's affidavit and discounted other evidence documenting forced sterilizations on grounds that those cases involved children who were born inside China rather than abroad. The immigration judge also denied withholding of removal, CAT relief, and voluntary departure.

The Board upheld that decision, agreeing with the immigration judge that Dong failed to establish a well-founded fear of persecution. The Board accorded Dong's proffered official documents little weight because they were neither relevant to Dong's circumstances nor authenticated in any way. The Board also discounted the four sterilizations Dong cited, noting that none involved individuals similarly situated to him because his children had

been born outside of China; the Board also found that the letters lacked sufficient detail or had been prepared by "interested witnesses"—his mother and other relatives—who were not subject to cross examination. Finally the Board noted that the State Department's reports downplayed the use of forced sterilizations in Fujian over the past decade, and added that the immigration judge had supplemented his review with an individualized analysis of Dong's own claim.

Just under a month later, Dong sought reconsideration, arguing that the Board improperly subjected his evidence to a "clear and convincing standard" by (1) affording little weight to his proffered official documents, (2) discounting his evidence of local sterilizations, and (3) relying on a "thoroughly discredited" 2007 State Department Profile. The Board denied the motion. The Board explained, first, that its earlier ruling properly limited the weight it gave Dong's documents because they were generalized rather than particularized, unauthenticated, or unsigned by the relevant individual. Other evidence, such as the letters from his mother or other relatives, did not involve children born in the United States. Finally, Dong did not show that the 2007 State Department report had been thoroughly discredited or was otherwise unreliable.

Dong's rambling petition is difficult to follow, but he first asserts that the Board subjected him to a heightened evidentiary standard of presenting particularized evidence about his circumstances. This argument is a non-starter. "Unless an alien can produce evidence that he or she is likely to be singled out for persecution, a generalized condition has no significance." *Raghunathan v. Holder,* 604 F.3d 371, 378 (7th Cir. 2010).

Dong next seems to challenge the Board's decision to discount his documents—specifically those from the Fuzhou City Family Planning Committee—for not being properly authenticated. It is true that failure to authenticate is not by itself reason to reject an otherwise relevant document, *Shtaro v. Gonzales,* 435 F.3d 711, 717 (7th Cir. 2006). But here the Board explained that it was according those documents limited weight because they provided only general policy guidance to family planning offices, and did not personally threaten or even refer to Dong.

Dong also asserts that the Board wrongly did not believe that his American-born children would count toward the family-planning limits. He also asserts that the Board "impermissibly" relied on the State Department Country Report, which for unspecified reasons he believes to be discredited. But these arguments are not properly before us because he failed to raise them in his motion to reconsider, *see Muratoski v. Holder,* 622 F.3d 824, 830-31 (7th Cir. 2010).

We have considered Dong's other undeveloped arguments, and they do not merit discussion. The petition for review is DENIED.